IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERYL TOLSTON-ALLEN, | ) |
| Plaintiff, | ) Case No. 12 CV 7601 |
| v. | ) Judge John Z. Lee |
| CITY OF CHICAGO | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sheryl Tolston-Allen ("Allen") sued Defendant City of Chicago ("the City"), alleging that the City interfered with her right to take eligible leave under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and retaliated against her for seeking to take such leave. The City moved to dismiss Allen's Amended Complaint, or in the alternative, for a more definite statement and to strike portions of the Amended Complaint. For the reasons stated herein, the Court denies the City's motion to dismiss, denies its motion in the alternative for a more definite statement, and grants in part its motion to strike.

**Facts**

The following factual allegations are taken from Plaintiff's Amended Complaint and are accepted as true for purposes of resolving this motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Allen has been employed as a Collection Representative by the City since approximately January 1, 1996. (Am. Compl. ¶ 6.) As of May 10, 2013, when the Amended Complaint was filed, she remained employed by the City. (*Id*.)

Allen was diagnosed with chronic asthma in 2009. (*Id.* ¶ 13.) Her condition is temporarily disabling and requires leave from work. (*Id.* ¶ 14.) Sometime in 2009, after her

diagnosis, Allen requested intermittent leave pursuant to the FMLA. (*Id*. ¶ 13.) At the direction of Allen's supervisor, Tina Consola ("Consola"), the City denied Allen's request for FMLA leave. (*Id*. ¶ 15.) Allen was told that Consola "did not like the amount of time that Allen needed for leave." (*Id*.)

Sometime after Consola denied Allen's request for FMLA leave, Allen filed a claim of discrimination against the City. (*Id*. ¶ 16.) Immediately thereafter, the City began to orally reprimand Allen for minor discrepancies in her performance. (*Id*. ¶ 18.) At the same time, the City appeared to tolerate absenteeism and non-performance of work duties by Allen's coworkers. (*Id*. ¶¶ 18–19.)

Allen reapplied for FMLA leave several times in 2009 and/or 2010, but the City refused to acknowledge her medical condition. (*Id*. ¶ 20.) Allen's physician refused to complete additional certifications of her condition for FMLA requests, stating that he had completed sufficient documentation and that the City was "playing games" in refusing to acknowledge Allen's condition. (*Id*. ¶ 21.) Consola was removed as Allen's supervisor sometime in 2010, and Allen "had no disciplinary issues or concerns during that time." (*Id.* ¶ 22.)

Sometime in 2010 or 2011, Allen again applied for FMLA leave. (*Id*. ¶ 23.) The request was initially granted, but ultimately denied. (*Id*.) It is unclear to whom Allen applied or who denied this particular request. (*Id*.) During this time, Allen's physician directed her to wear a face mask because the City prohibited Allen from leaving work on days when she experienced breathing difficulties due to her asthma. (*Id*. ¶ 25.) Allen again complained about the City's denial of her requests for FMLA leave. (*Id*. ¶ 26.)

In September 2011, Allen was suspended for three days due to her intermittent medical leaves; as a result, she lost earnings and moved one step closer to termination under the City's

progressive disciplinary policy. (*Id*. ¶ 28.) In January 2012, Allen again was suspended for five days due to her intermittent medical leaves (*id*. ¶ 29), and the City accused Allen of having failed to assist a customer in October 2011. (*Id*. ¶ 30.) Although Allen submitted a written statement from the customer disputing the City's allegations, Allen was suspended for five days. (*Id*.) Allen received two more suspensions because of her medical leaves: one in June 2012 for ten days (*id*. ¶ 31), and another in December 2012 for an unspecified number of days. (*Id*. ¶ 32.)

In January 2013, Consola attempted to have Allen disciplined for lurking around the hallways, despite no longer being Allen's supervisor. (*Id*. ¶ 33.) Consola again attempted to have Allen disciplined in February 2013 when she observed Allen assisting a customer at her desk, although other employees also assisted customers at their desks without consequence. (*Id*. ¶ 35.) Allen asserts that the City has "singl[ed] her out" and "treat[ed] her less favorably than similarly situated employees" in an "open and obvious" manner. (*Id*. ¶ 36.)

## **Legal Standard**

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 457 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept[] as true all well-pleaded facts alleged, and draw[] all possible inferences in [the plaintiff's] favor." *Id*.

A complaint, however, must also "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

3

(internal quotations omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Plausibility "does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

## Discussion

### I. Interference with Allen's Exercise of Rights under the FMLA

The City moves to dismiss Allen's claim for interference with her exercise of rights under the FMLA, arguing that: (1) Allen fails to state a claim; and (2) Allen's claim regarding the 2009 denial of FMLA leave and any other claims prior to November 16, 2010, are time-barred. (Def. Mot. Dismiss 3–5.) These arguments are unpersuasive.

#### A. FMLA Interference Claim

The FMLA allows an eligible employee with a "serious health condition that makes the employee unable to perform the functions of the position of such employee" to take twelve workweeks of leave during any twelve-month period. 29 U.S.C. § 2612(a)(1)(D). Under the FMLA, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided[.]" 29 U.S.C. § 2615(a)(1). To succeed on an interference claim under the FMLA, an employee must show that: (1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to take leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her FMLA benefits to which she was entitled. *Goelzer v. Sheboygan Cnty.*,

*Wis.*, 604 F.3d 987, 993 (7th Cir. 2010); *see also Burnett v. LFW Inc.*, 472 F.3d 471, 477 (7th Cir. 2006). At the pleading stage, however, a plaintiff need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Specific facts are not required; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Twombly*, 550 U.S. at 555; *see also Vincent v. City Colls. of Chi.*, 485 F.3d 919, 923–24 (7th Cir. 2007).

Allen's allegations are sufficient to create a plausible inference of FMLA interference. Workplace reprimands that do not materially alter the terms or conditions of employment do not constitute actionable adverse employment actions. *See Sklyarsky v. ABM Janitorial Servs.-N. Cent., Inc.*, 494 F. App'x 619, 622 (7th Cir. 2012), *cert. denied*, 133 S. Ct. 1247, (U.S. 2013); *Oest v. Ill. Dep't of Corr.*, 240 F.3d 605, 613 (7th Cir. 2001). Allen, however, alleges actionable FMLA interference claims both in the form of denial of FMLA leave as well as unpaid suspensions resulting in the misclassification of leave that she took as an eligible employee. In addition to alleging the denial of FMLA leave, Allen also asserts that she was suspended without pay when the City refused to recognize her medical leave under the FMLA, which would constitute an adverse employment action. *See Whittaker v. N. Ill. Univ.*, 424 F.3d 640, 647 (7th Cir. 2005) ("[A] suspension without pay . . . would constitute an adverse employment action."); *Russell v. Bd. of Trustees of Univ. of Ill. at Chi.*, 243 F.3d 336, 341 (7th Cir. 2001) ("[M]inor or trivial actions that make an employee unhappy . . . do not constitute materially adverse employment actions, but a formal disciplinary suspension is much more than that.") (internal quotations omitted).

The City argues that because Allen took leave as alleged in her own Amended Complaint, it is "unclear how the City interfered with Plaintiff's ability to take medical leave in light of Plaintiff's own allegations that she took 'intermittent medical leaves.'" (Def. Mot. Dismiss 5.) But Allen's contentions that the City denied her FMLA leave and that she nonetheless had to take "intermittent medical leaves" are not inconsistent, precisely because Allen explicitly alleges that the City later "counted against [Plaintiff] all of [Plaintiff's] intermittent medical leaves, which she had no choice but to take." (Am. Compl. ¶¶ 28–29, 31.) Put another way, the issue is not whether Allen took leave from work due to her condition, but whether the City wrongfully denied FMLA protection to that leave. *See Barrett v. Ill. Dep't of Corr.*, No. 12-CV-2024, 2013 WL 3874078, at *9 (C.D. Ill. July 26, 2013) ("[T]he violation was the denial *or misclassification* of FMLA-protected leave") (emphasis added). Allen has pleaded factual allegations which, construed in her favor, plausibly suggest denials of FMLA leave in 2009; at some other time in 2009 or 2010; at yet another time in 2010 or 2011; as well as unpaid suspensions in September 2011, January 2012, June 2012, and December 2012, each of which may serve as the basis for an interference claim if resulting from a misclassification of FMLA-eligible leave. (Am. Compl. ¶¶ 15, 20, 23, 28, 29–30, 31, 32.) Accordingly, Allen has stated a viable FMLA interference claim.

### B. Statute of Limitations

Turning to the City's statute of limitations argument, a plaintiff must bring an action under the FMLA no later than two years after the date of the "last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). For "willful" violations, the statute of limitations extends to three years. *Id.* § 2617(c)(2). The City contends that Allen fails to "allege a willful violation" or facts supporting an inference that the City "knowingly violated

the FMLA or recklessly disregarded it." (Def. Reply 4.) The City argues, therefore, that the two-year statute of limitations for non-willful violations applies. (Def. Mot. Dismiss 3.) Furthermore, the City argues that because Allen filed her original complaint on November 16, 2012, the two-year statute of limitations bars this Court's consideration of any FMLA violation prior to November 16, 2010, including the alleged violation that took place in 2009. (*Id*.)

Taken as a whole, Allen's Amended Complaint contains sufficient facts to survive the City's challenge. The Supreme Court has held that "courts must consider the complaint in its entirety . . . when ruling on Rule 12(b)(6) motions to dismiss" and "[t]he inquiry is whether *all* of the facts alleged, taken collectively, give rise" to an inference of the required statutory element of intent, "not whether any individual allegation, scrutinized in isolation, meets that standard." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). As the City notes, "Plaintiff does not have to 'elucidate . . . *all* of the elements, facts and circumstances supporting a finding of willfulness,' [but] she does have to at least 'allege a willful violation' or facts that support 'an inference' that the employer 'knowingly violated the FMLA or recklessly disregarded it.'" (Def. Reply 4) (citing *Solorzano v. Ry. & Indus. Servs., Inc.*, No. 09 C 3733, 2010 WL 234972, at *2 (N.D. Ill. Jan. 15, 2010).) The Court cannot conclude at this stage that the Amended Complaint, as pleaded, precludes an inference that the City knowingly violated the FMLA in refusing to grant Allen FMLA leave or to award her benefits under the FMLA for the leave she allegedly took.

Allen has also not pleaded herself out of court. The statute of limitations is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in her complaint. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also Tregenza v. Great Am. Commc'n. Co.*, 12 F.3d 717, 718 (7th Cir. 1993) ("[I]t does not follow from the fact that a

plaintiff can get into trouble by pleading more than [s]he is required to plead that [s]he is required to plead that more."). "Only when the plaintiff pleads [her]self out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

Taken as a whole, the Amended Complaint provides fair notice of the interference claim and its basis, namely the allegations that the City wrongfully denied Allen FMLA benefits to which she was entitled by law. Allen has not pleaded herself out of court with facts showing that her interference claim is necessarily time-barred, and she pleads potential FMLA violations within the two-year statute of limitations for non-willful violations. While she does not plead every detail with exactitude, she has "give[n] enough details about the subject-matter of the case to present a story that holds together[,]" such that "the court [may] ask itself *could* these things have happened," and answer in the affirmative. *Swanson*, 614 F.3d at 404. Thus, the Court denies the City's motion to dismiss Allen's FMLA interference claim based upon the statute of limitations.

**II. Retaliation for Allen's Attempt to Exercise Her Rights under the FMLA**

The City also has moved to dismiss Allen's retaliation claim. The FMLA makes it "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2). Similarly, "[a]n employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act." 29 C.F.R. § 825.220(a)(2). Courts have generally construed

8

Section 2615(b) to create a cause of action for retaliation. *Kauffman v. Fed. Express Corp.*, 426 F.3d 880, 884 (7th Cir. 2005).

Courts evaluate a claim of FMLA retaliation in the same manner as retaliation claims under other employment statutes such as the Americans with Disabilities Act or Title VII. *See Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004). To establish a claim for FMLA retaliation, the Seventh Circuit has recognized both a "direct" as well as an "indirect" method.[1] *See Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 642–43 (7th Cir. 2002). At this stage, the Court need not decide whether Allen has successfully proved a retaliation claim under either method, but instead must decide whether Allen has offered allegations with sufficient plausibility to satisfy the notice pleading requirements of Rule 8(a)(2), thereby surviving a motion to dismiss under Rule 12(b)(6). *See Swanson*, 614 F.3d at 405 ("[Plaintiff's] complaint identifies the type of discrimination that she thinks occurs . . . by whom . . . and when . . . . This is all that she needed to put in the complaint.").

In her Amended Complaint, Allen alleges that she filed a claim of discrimination against the City sometime after the denial of her 2009 request for FMLA leave. (Am. Compl. ¶ 16.) She alleges that immediately thereafter, "the City began a pattern of harassment towards [her] in retaliation for the exercise of her rights under the FMLA." (*Id.* ¶ 17.) Allen also alleges that she reapplied for FMLA several times (*id.* ¶ 20), and that she specifically complained about the City's denial of FMLA leave at some point prior to her first unpaid suspension in September

---

[1] Under the direct method, the plaintiff must allege (1) that she engaged in a statutorily protected activity; (2) that she suffered an adverse action; and (3) that there was a causal link between the protected activity and the adverse action. *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 670 (7th Cir. 2011). Under the indirect method, a plaintiff must "show that after [engaging in protected conduct] only [s]he, and not any similarly situated employee who did not [engage in protected conduct], was subjected to an adverse employment action even though [s]he was performing h[er] job in a satisfactory manner." *Buie*, 366 F.3d at 503; *see also Hull v. Stoughton Trailers, LLC*, 445 F.3d 949, 951 (7th Cir. 2006).

9

2011.  (*Id.* ¶ 26.)  Although oral reprimands do not constitute adverse employment actions, Allen also alleges that she received a retaliatory, unpaid suspension in January 2012, based on the City's allegedly false accusation that she had failed to assist a customer at her desk (*id.* ¶ 30), and that in December 2012, she was suspended in retaliation for exercising her rights under the FMLA.  (*Id.* ¶ 32.)  In addition to specifically alleging retaliatory intent in these discrete instances, Allen also alleges such intent in the City's alleged "pattern of harassment towards Allen in retaliation for the exercise of her rights under the FMLA" (*id.* ¶ 17), and for "retaliating against her for exercising her rights under the FMLA."  (*Id.* ¶ 42.)

For its part, the City relies on *Equal Employment Opportunity Commission v. Concentra Health Services, Incorporated* to argue that a plaintiff "alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected."  496 F.3d 773, 781 (7th Cir. 2007).  The FMLA's governing regulations make clear what conduct the FMLA protects, in that "[a]n employer is prohibited from discharging or in any other way discriminating against any person . . . for opposing or complaining about any unlawful practice under the Act."  29 C.F.R. § 825.220(a)(2); *see also* 29 C.F.R § 825.220(e) ("Individuals . . . are protected from retaliation for opposing (e.g., filing a complaint about) any practice which is unlawful under the Act.  They are similarly protected if they oppose any practice which they reasonably believe to be a violation of the Act or regulations.")  At this stage, "it is difficult to see what more [Allen] could have alleged, without pleading evidence, to support her claim that she was discriminated against[.]"  *Tamayo*, 526 F.3d at 1085.  Of course, this does not discount that "[w]hen it comes to proving her case, she [may] need to come up with more evidence;" all that the Court holds now is that Allen is "entitled to

take the next step in this litigation." *Swanson*, 614 F.3d at 406–07. For these reasons, the Court denies the City's motion to dismiss Allen's FMLA retaliation claim.

### III. Motion for a More Definite Statement Under Rule 12(e) and Motion to Strike Under Rule 12(f)

Alternatively, the City moves for a more definite statement under Rule 12(e) and to strike certain portions of the Amended Complaint under Rule 12(f). The City argues that Allen's allegations regarding Count I and Count II are "so unclear and inconsistent that they fail to give the City fair notice of Allen's claims and the grounds upon which they rests [sic]." (Def. Mot. Dismiss 5, 8–9.) Specifically, the City asks the Court to order Allen to provide a more definite statement of the allegations about Allen's own work performance in paragraphs 7 through 12, and about the performance of her coworkers in paragraph 19, or, alternatively, to strike those portions of the Amended Complaint. (*Id.* 9–10.) The City also asks the Court to strike as improper Allen's requests for immediate and permanent injunctive relief in paragraphs 1, 2, and 4 of the Amended Complaint's prayer for relief. (*Id.* 10–11.) The Court denies the City's motion for a more definite statement and grants in part the City's motion to strike.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Court may also act both on motion and on its own to strike immaterial or impertinent matters. Fed. R. Civ. P. 12(f); *see also Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) ("The court . . . has considerable discretion in striking any redundant, immaterial, impertinent or scandalous matter.")

The Court does not find a more definite statement necessary. Allen's alleged "facts certainly provide the defendants with sufficient notice to begin to investigate and defend against

her claim." *Tamayo*, 526 F.3d at 1085. Additionally, "[t]he fact that [Plaintiff] included other, largely extraneous facts in her complaint does not undermine the soundness of her pleading," as long as "[s]he has not pleaded herself out of court by mentioning these facts[.]" *Swanson*, 614 F.3d at 405–06. The issue of "whether they are particularly helpful for proving her case or not is another matter that can safely be put off for another day." *Id*. at 406. As also explained above, Allen's assertions that she was denied FMLA leave, yet took intermittent medical leaves for which the City allegedly penalized her, are not inconsistent or unclear.

On the motion to strike paragraphs 7 through 12 and 19, the Court finds irrelevant the City's argument that "general statements of co-workers about plaintiff's job performance 'are insufficient to create a material issue of fact as to whether a plaintiff was meeting her *employer's* legitimate employment expectations[.]'" (Def. Mot. Dismiss 9.) The motion before the Court is not for summary judgment, but rather for dismissal of the Amended Complaint. With respect to Allen's retaliation claim, her allegations about the "behavior of co-workers" are relevant to her *prima facie* case for retaliation, namely that "after [engaging in protected conduct] only [s]he, and not any similarly situated employee who did not [engage in protected conduct], was subjected to an adverse employment action even though [s]he was performing h[er] job in a satisfactory manner." *Buie*, 366 F.3d at 503.

Turning to the City's motion to strike Allen's requests for relief, a party who seeks temporary relief usually should make a motion for a preliminary injunction separate from the prayer for relief contained in the complaint. *James Luterbach Constr. Co., Inc. v. Adamkus*, 781 F.2d 599, 603 (7th Cir. 1986). For the Court to issue a temporary restraining order without written or oral notice to the adverse party, a plaintiff must provide specific facts in an affidavit or a verified complaint that clearly show immediate and irreparable injury, loss, or damage will

result to the movant before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b). The Court finds Allen's request for immediate preliminary injunctive relief in an unverified complaint and without separate motion under Rule 65 improper. Therefore, the Court strikes paragraph 1 from the Amended Complaint's prayer for relief. Paragraphs 2 and 4 of the Amended Complaint's prayer for relief do not ask the Court to provide immediate *ex parte* relief; the Court thus declines to strike those portions of the Amended Complaint. If Allen wishes to request preliminary injunctive relief, she must do so under the procedure established by Rule 65. For these reasons, the Court denies the City's motion for a more specific statement and grants in part the City's motion to strike.

## Conclusion

For the reasons herein, the Court denies the City's motion to dismiss, denies its motion for a more definite statement, and grants in part its motion to strike.

**SO ORDERED**                                    **ENTER: 3/21/14**

                                                                    _____
                                                                    **JOHN Z. LEE**
                                                                    **United States District Judge**